IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00239-BNB

MARK R. ASHLEY,

    Applicant,

v.

TRAVIS TRANI (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DRAWING CASE

Applicant, Mark R. Ashley, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 4) challenging the validity of his criminal conviction in case 02CR1772 in the Denver District Court. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On February 26, 2014, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a pre-answer response [ECF No. 13] on March 17, 2013. Applicant did not file a reply.

**I. Background and State Court Proceedings**

On February 28, 2003, Mr. Ashley was convicted by a jury in case number 02CR1772 of sexual assault, robbery, and two counts of second degree kidnapping. [ECF No. 13-1 at 12]. He was sentenced to forty-eight years to life with the Colorado Department of Corrections. [*Id.*].

Mr. Ashley filed a direct appeal and the Colorado Court of Appeals affirmed in part, vacated in part, and remanded with directions to vacate one count of second degree kidnapping. [ECF No. 13-5 at 2, 14-15, 21]. On July 10, 2006, the Colorado Supreme Court denied Applicant's petition for certiorari review. [ECF No. 13-7].

In June 2007, Mr. Ashley filed a Rule 35(c) motion seeking postconviction relief, and in July 2009, Mr. Ashely's appointed postconviction counsel filed a supplemental Rule 35(c) motion. [ECF No. 13-1 at 8-9; 13-11 at 12]. On May 23, 2013, the Colorado Court of Appeals affirmed the state district court's denial of the petition for postconviction relief. [ECF No. 13-1 at 7; 13-11]. The Colorado Supreme Court denied certiorari review on January 13, 2014. [ECF No. 13-13].

Mr. Ashley initiated this action on January 23, 2014 by filing a letter. [ECF No. 1]. On February 24, 2014, he filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [ECF No. 4] asserting the following three claims for relief:

> (1) ineffective assistance of counsel based on (a) counsel's failure to consult and communicate with Applicant; (b) counsel's conduct during trial as being the equivalent of a guilty plea; and (c) counsel's failure to more thoroughly investigate and challenge the DNA evidence;
>
> (2) due process violation because the victim's out-of-court identification of Applicant was based on an impermissibly suggestive photo array; and
>
> (3) violation of his right to a jury trial as recognized in *Apprendi v. New Jersey,* 530 U.S. 466 (2000) because the trial court improperly aggravated Mr. Ashley's sentence based on facts not found by the jury.

[ECF No. 4 at 11-14].

## II. Timeliness of Application

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  [See ECF No. 13 at 3-5].

## III. Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  See Castille v. Peoples, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever, 36 F.3d at 1534.  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  Picard v. Connor, 404 U.S. 270, 278 (1971); see also Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," Picard, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).  A state prisoner bringing a federal habeas corpus action bears the burden

of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).  A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).  A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Here, Respondents concede that Mr. Ashely exhausted all three of his claims by presenting each claim to the Colorado Court of Appeals and Colorado Supreme Court in his direct appeal and postconviction proceedings.  [*See* ECF No. 13 at 6-7].  The Court thus finds that Mr. Ashley exhausted state court remedies for his claims.  Accordingly, it is

ORDERED that this case shall be drawn to a presiding judge and, if appropriate, to a magistrate judge pursuant to D.C.COLO.LCivR 40.1(a).

DATED April 9, 2014, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge